UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| VS. | : | CR 08-10S | Evidentary Hearing Requested |
| | : | | |
| EDWARD PEREZ | : | | |

DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

Now comes the Defendant, Edward Perez, and moves that pursuant to Rules 12(b)(3)(C) and 41 (h) of the Federal Rules of Criminal Procedure and under the Laws of the Constitution of the United States, this Honorable Court order the suppression of all evidence, oral and tangible, obtained directly or indirectly because chain of custody has not been properly maintained. As further grounds for this motion, the Defendant states that the alleged cocaine seized had been materially altered from December 28, 2007 when it was first inspected, weighed and field tested to January 25, 2008 when it was tested and analyzed by the Rhode Island Forensic Science Laboratory.

The Defendant hereby requests an evidentiary hearing before the Court on his motion. In support of the Defendant's motion, he will rely on facts and testimony that will be elicited at this future evidentiary hearing. The Defendant believes that this hearing will last approximately one day.

In further support of his motion, the Defendant incorporates by reference the attached memorandum of law.

Defendant,
By His Attorney,

John Ruginski, Esq.
RI Bar No.: 1612
129 Dorrance Street
Providence, RI 02903

Certification

I, the undersigned, hereby certify that a true copy of the within motion to suppress and memorandum in support of the motion to suppress was mailed on this 31st day of March, 2008 to:

US Department of Justice
US Attorney's Office
AUSA Stephen Dambruch
50 Kennedy Plaza, 8th floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| VS. | : | CR 08-10S | Evidentary Hearing Requested |
| | : | | |
| EDWARD PEREZ | : | | |

MEMORANDUM OF LAW

The Defendant moves this Honorable Court to suppress all evidence, oral and tangible, obtained directly or indirectly for which chain of custody has not been properly maintained. The Defendant submits that the evidence the Government intends to rely on at trial has been altered and tampered with and in violation of FRE 901.

**Statement of facts**

On December 27, 2007, the U.S. Customs and Border Protection (CPB) Office located at the Federal Express consignment hub in Memphis Tennessee conducted a pre-arrival manifest review of a shipment on airway bill #6753 3876 1707 addressed to Charlotte Nehme, 1603 Plainfield Street, F-6, Johnston, RI 02910.

That upon its arrival in Tennessee on December 28, 2007, at approximately 2:30 a.m., CPB Officer C. Worley opened and searched the said package. That upon further inspection of the package Officer Worley found a white powdery substance. He then field-tested said substance indicating chemical properties consistent with that of cocaine. The suspected cocaine was weighed at approximately 1.15 kilograms and seized by Officer Worley on Form 6051S#3480207 and sealed in evidence bag #CS0253914.

CPB Officers in Tennessee notified Immigration Customs Enforcement (ICE) Special Agent (SA) Parker in Memphis, TN who requested that the shipment be held for an attempted controlled delivery.

On December 28, 2007 at approximately 10:00 a.m., ICE Memphis SA Hubbard contacted ICE SA Joseph Sullivan in order to relay information about the alleged cocaine seizure and advised that he would be sending the seized package via Federal Express with new wrapping.

On December 29, 2007, the package arrived at the Providence ICE office at which time the package was secured inside the ICE secure evidence room.

On December 31, 2007, ICE SA John Keith Holleran removed the package from the secure evidence room. ICE SA Holleran removed the suspected cocaine from the package and replaced it with a representative sample back into the original shipping package. (See attached Exhibit 1)

On December 31, 2007, the package was delivered personally to the addressee. That the Defendant then was observed going to the addressee's home and was seen carrying the package out of the house.

On, January 4, 2008 at 11:03 a.m. RI State Police Corporal John A'Vant #110 submitted to the Rhode Island Department of Health Laboratories Forensic Sciences an evidence examination request and receipt. That the gross weight of said items was 1282.19 grams. (See attached Exhibit 2)

On January 25, 2008, the packages were weighed and tested positive for cocaine salts with a total net of 989.69 grams. (See attached Exhibit 3)

**Argument**

The evidence should be suppressed because the Government fails to show a chain of custody of the evidence and the evidence can not be authenticated.

The alleged cocaine was first seized and held in official custody on December 28, 2007 at approximately 2:30 a.m. by CPB Officer Worley in Memphis, Tennessee. The alleged package of cocaine originally weighed 1.15 kilograms when it was first seized. It was then sent to Providence, Rhode Island where it was not weighed when it again was in official custody, i.e. placed in the ICE secure evidence room. Then ICE SA Holleran removed the suspected cocaine from the package and replaced it with a representative sample back into the original shipping package (again without obtaining a weight). Although ICE SA Holleran admitted that he tampered with the evidence, he never had custody of the package. (See attached Exhibit 4) That ICE SA Holleran stated that this was done on December 31, 2007. However, according to ICE SA Sullivan's affidavit this evidence switch was performed by unnamed ICE Agents on December 29, 2007. (See attached Exhibit 5)

Furthermore, this package was not in official custody from the time it was shipped from Memphis, Tennessee to Providence, Rhode Island. The package was sent via Federal Express, where it is not known who was handling the package during the transit process.

The Court must ascertain whether there is a reasonable probability that the evidence has not been altered in any material respect since the time of the crime. US v Luna 585 F.2d 1 (1st Cir 1978). If there is a material alteration then the evidence should be suppressed. The evidence in the instant matter was not an incidental gap in the chain of custody.

The Defendant argues that there was a material alteration of the suspected cocaine because when it was first weighed it was 1.15 kilograms and when it was finally analyzed it only weighed a total of 989.69 grams. The difference in weight is more than 160 grams.

That the Defendant further argues a difference in weight of more than 292.50 grams when taking into account of the submission of the suspected cocaine by RI State Police Corporal John A'Vant. Also, that the aforementioned receipt has an offense date of 12/21/07 some six days prior to the arrival of package to the United States. (See Exhibit 2)

**Conclusion**

For the foregoing reasons, and for reasons that will be explored more thoroughly at the future evidentiary hearing, all evidence obtained must be suppressed.

**Request for Suppression Hearing**

The Defendant requests that the Court schedule an evidentiary hearing so that the Defendant may elicit the testimony of the persons who have had custody and control of the evidence. The Defendant expects that the hearing will last one day. The Defendant expects that the additional and supportive facts will be developed at the suppression hearing that will impact the Court's decision on this issue.

Defendant,
By His Attorney,

John Ruginski, Esq.
RI Bar No.: 1612
129 Dorrance Street
Providence, RI 02903

Certification

I, the undersigned, hereby certify that a true copy of the within motion to suppress and memorandum in support of the motion to suppress was mailed on this 31st day of March, 2008 to:

US Department of Justice
US Attorney's Office
AUSA Stephen Dambruch
50 Kennedy Plaza, 8th floor
Providence, RI 02903