IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 08-010S |
| | ) | |
| EDWARD PEREZ | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

## I. INTRODUCTION

The Defendant, Edward Perez, ("PEREZ") was arrested after he took possession of a package containing approximately one kilogram of cocaine during a controlled delivery by federal agents. After his arrest, PEREZ made incriminating statements to the agents.

PEREZ seeks to suppress the drug evidence citing to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure and generally to the "Laws of the Constitution of the United States." PEREZ asserts that, "The evidence should be suppressed because the Government fails to show a chain of custody of the evidence and the evidence cannot be authenticated." He requests an evidentiary hearing that he estimates will take one full court day.

The United States maintains that a sufficient chain of custody can be established at trial. Issues concerning chain of custody affect only the weight but not the admissibility of the evidence. No evidentiary hearing is required.

## II. FACTS

This case began when Officers of the United States Customs and Border Protection (CPB) Office located at the Federal Express Consignment Hub in Memphis, Tennessee, intercepted a package being shipped by Federal Express purportedly containing a "radio-controlled car". In addition to a radio-controlled car, the package contained approximately a kilogram of cocaine.

The cocaine was removed from the package and examined. A small amount of that cocaine was used to conduct a field test that proved positive for cocaine. The seizure was well documented. The contents of the package containing the radio-controlled car were unique in appearance. The original package in which the car was shipped was likewise uniquely labeled and addressed to a named recipient in Rhode Island. The shipment bore a unique airway bill number. The agents obtained an approximate gross weight of the drug evidence and separately sealed the drugs in a uniquely numbered evidence bag. CBP officers then notified the local Office of Immigration and Customs Enforcement (ICE). An ICE Agent took control of the evidence and decided to conduct an investigation by attempting a controlled delivery of the package to the address in Rhode Island.

ICE agents in Memphis notified Special Agents in Providence of the interception and their intent to ship the evidence to

Providence to attempt a controlled delivery. All of the evidence was repackaged. The original package and its contents were placed inside of a new and uniquely labeled shipping container. That container was specially sealed to insure the integrity of the contents during shipment. The package was handled in accordance with established protocol and was shipped to Agents waiting for it in Rhode Island.

The package was received intact and sealed. The package and its contents matched the description provided by the Memphis agents. ICE Agents in Rhode Island removed the drug evidence from the package and substituted an inert material for the purpose of making a controlled delivery of the package and determining who the responsible party was. That investigative effort led to the arrest of PEREZ.

## III. ARGUMENT

The defendant generally alleges that there are defects in the chain of custody because the package was placed in the hands of a private carrier. Shipment of evidence by private carrier is a regular and established practice. Care was taken to physically document the evidence and place it in a separately sealed package to ensure the integrity of the evidence. The government can establish a sufficient chain of custody at trial.

To further advance his argument, PEREZ asserts that the evidence was somehow tampered with. PEREZ supports this accusation only by noting that there is a discrepancy between the gross weight of the drugs and the packaging obtained by CBP officers in the field in Memphis as compared to the net weight of the drugs when weighed by chemists in a laboratory setting in Rhode Island. Furthermore, the defendant points to an apparent typographical error on one transmittal form in which the offense date was incorrectly transcribed. All other case identifiers were consistent.

The law is clear that under such circumstances arguments about the chain of custody and the government's handling of the evidence go only to the weight but not the admissibility of the evidence.

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). The rule does not erect a particularly high hurdle. "If in the court's judgment it seems reasonably probable that the evidence is what it purports to be, the command of Rule 901(a) is satisfied, and the evidence's persuasive force is left to the jury." *United States v. Ladd,* 885 F.2d 954, 956 (1st Cir.1989); *accord United States v. Mahecha-Onofre,* 936 F.2d 623, 625 (1st Cir.), *cert. denied,*

502 U.S. 1009, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991). The Court of Appeals reviews a court's authentication rulings in a deferential manner, testing only for mistake of law or abuse of discretion. *Ladd,* 885 F.2d at 956; *United States v. Williams,* 809 F.2d 75, 89-90 (1st Cir.1986), *cert. denied,* 481 U.S. 1030, 107 S.Ct. 1959, 95 L.Ed.2d 531 (1987).

The First Circuit has refused to "paint the lily." The decision as to whether the evidence is satisfactorily authenticated is well within the realm of the trial court's discretion. *See Ladd,* 885 F.2d at 957; *see also United States v. Luna,* 585 F.2d 1, 6 (1st Cir.) (where the appellants "offered no evidence that the drugs had been altered[,] [t]he trial judge was thus entitled to rely on a presumption of official regularity" in the government's handling of the contraband), *cert. denied,* 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978). *United States v. Ortiz*, 966 F.2d 707, 716 (C.A.1 (Puerto Rico), 1992).

Chain of custody arguments usually go to the weight of the evidence and not admissibility. *United States v. Ortiz,* 966 F.2d 707, 716 (1st Cir.1992), *cert. denied,* 506 U.S. 1063, 113 S.Ct. 1005, 122 L.Ed.2d 154 (1993); *United States v. Luna,* 585 F.2d 1, 6 (1st Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978). Review is for abuse of discretion. *Ortiz,* 966 F.2d at 716. *United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 715 (C.A.1 (Puerto Rico),1995).

Indeed, many circuits have held that challenges to the chain of custody go to the weight of the evidence and not whether the evidence should be suppressed. *See, e.g., United States v. Scharon,* 187 F.3d 17, 22 (1st Cir.1999) (finding chain of custody arguments usually goes to weight of evidence, not admissibility); *United States v. Sparks,* 2 F.3d 574, 582 (5th Cir.), *cert denied,* 510 U.S. 1080, 114 S.Ct. 899, 127 L.Ed.2d 91 (1993) (same); *United States v. Allen,* 106 F.3d 695, 700 (6th Cir.), *cert denied,* 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997) (finding merely raising possibility that someone tampered with evidence insufficient to render it inadmissible where government showed there was no reasonable probability marijuana was altered); *United States v. Brown,* 136 F.3d 1176, 1182 (7th Cir.1998) (finding where there is no evidence of tampering, presumption that evidence in official custody remained unaltered is not rebutted by a break in chain of custody); *United States v. Matta-Ballesteros,* 71 F.3d 754, 769 (9th Cir.1995), *cert denied,* 519 U.S. 1118, 117 S.Ct. 965, 136 L.Ed.2d 850 (1997) (finding defects in chain of custody did not dismantle government's showing that tapes were unaltered); *United States v. Humphrey,* 208 F.3d 1190, 1205 (10th Cir.2000) (finding defects in chain of custody go to weight of evidence and not its admissibility). *United States v. Frazier*, 2000 WL 34030864, 7 (N.D.Iowa) (N.D.Iowa,2000).

The prosecution does not need to prove a perfect chain of custody for evidence to be admitted at trial. *United States v. Lott*, 854 F.2d 244, 250 (7th Cir.1988). Gaps in the chain of custody normally go to the weight of the evidence, rather than its admissibility. *Id.* Law enforcement officials only need to show that they took "reasonable precautions" to preserve the original condition of the evidence, but they do not have to exclude all possibilities of tampering with the evidence. *Lott*, 854 F.2d at 250. A "presumption of regularity" exists with respect to the official acts of public officers, and absent evidence to the contrary, the court presumes that the official duties were discharged properly. *Id.*

IV. CONCLUSION

PEREZ has failed to establish any anomaly in the chain of custody or defect in the handling of the evidence that would even warrant an evidentiary hearing let alone suppression of the evidence. All of these matters are trial issues and not fodder for suppression.

The United States therefore requests that the defendant's motion be denied and dismissed.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U. S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email gerard.sullivan@usdoj.gov

CERTIFICATION

On April 14, 2008, I caused the within "Government's Objection to Defendant's Motion to Suppress Physical Evidence" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

John Ruginski, Esquire
129 Dorrance Street
Providence, RI 02903

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U. S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email gerard.sullivan@usdoj.gov