**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

VS. CR 08-105

EDWARD PEREZ

# DEFENDANT'S PRETRIAL MEMORANDUM

The Defendant. Edward Perez, is charged in a one count indictment alleging a violation of 21 U.S.C. 841 (a) (1) and (b) (1) (A) and 21 USC 846.

## ELEMENTS OF CRIME

The elements of the statute the Defendant is charged with is as follows:

A Defendant violates the above sections of law if in fact he:

1. Conspired between at least two people to distribute cocaine.
2. That the Defendant knowingly and willfully joined in that agreement.
3. That the amount of cocaine was at least 500 grams

## STATEMENT OF FACTS

A brief synopsis of the facts as gleaned from the discovery provided to defense counsel is as follows

On December 27. 2007, the U.S. Customs and Border Protection (CPB) Office located at the Federal Express consignment huh in Memphis Tennessee conducted a pre-arrival manifest review of a shipment on airway bill #6753 3876 1707 addressed to Charlotte Nehme, 1603 Plainfield Street. F-6, Johnston, RI 02910

That upon its arrival in Tennessee on December 2, 2O07 at approximately 2:30 a.m. CPB Officer C. Worley opened and searched the said package. That upon further inspection of the package Officer Worley opened found a white powdery substance. He then field-tested said substance indicating chemical properties consistent with that of cocaine. The suspected cocaine was weighed at approximately 1.15 kilograms and seized by Officer Worley or Form 6051S#3480207 and sealed in evidence bag #CS0253914.

CPB Officers in Tennessee notified Immigration Customs Enforcement ICE Special Agent (SA) Parker in Memphis. TN who requested that the shipment be held for an attempted controlled delivery.

On December 28. 2007 at approximately 10:00 am.. ICE Memphis SA Hubbard contacted ICE SA Joseph Sullivan in order to relay information about the alleged cocaine seizure and advised that he would be sending the seized package via Federal Express with new wrapping

On December 29, 2007, the package arrived at the Providence 1CE office at which time the package was secured inside the ICE secure evidence room .

On December 31, 2007, ICE SA John Keith Holleran removed the package from the secure evidence room. ICE SA Holleran removed the suspected cocaine from the package and replaced it with a representative sample back into the original shipping package

On December 31, 2007, the package was delivered personally to the addressee. That the Defendant then was observed going to the addressee's home and was seen carrying the package out of the house and was arrested.

On, January' 4. 2008 at 11:03 a.m. RI State Police Corporal John A'Vant #10 submitted in the Rhode Island Department of Health Laboratories Forensic Sciences an evidence examination request and receipt. That the gross weight of said items was 1282.19 grams

On January 25. 2008, the packages were weighed and tested positive for cocaine salts with a total net weight of 989.69 grams.

**<u>EVIDENTIARY ISSUE S</u>**

FRE 901. The Defendant challenges the admission of the controlled substances on the grounds that the evidence can not be authenticated, the chain of custody was broken and the evidence was tampered with. That the Defendant relies on the fact that the evidence changed weight while in custody.

The Court must ascertain whether there is a reasonable probability that the evidence has not been altered in any material respect since the time of the crime. US vs Luna 585F 2d 1 (1st Cir 1978) If there is a material alteration then the evidence should not he admitted. The evidence in the instant matter was not an incidental gap in the chain of custody.

## REQUESTED VOIR DIRE

1. Has anyone in the jury panel, either themselves, a family member or acquaintance has suffered an adverse consequence from drug use.
2. Has anyone in the jury panel, either themselves, a family member or acquaintance are employed or have been employed by law enforcement, US Attorney's Office or State Attorney General's Office.

3 Has anyone in the Jury panel, either themselves, a family member or acquaintance been the victim of a crime.

## TIME REQURED FOR THE DEFENSE TO PRESENT ITS CASE

At this time the Defendant is unable to address this issue due to facts and testimony that may elicited during the trial but are riot known at this time.

Respectfully submitted,
John Ruginski, Esq.

/s/

______________________________

John Ruginski, Esq.
RI Bar No: 1612
129 Dorrance Street
Providence. RI 02903
(401) 272-7966

## CERTIFICATION

I, the undersigned, do hereby certify that a true copy of the within Defendants Pretrial Memorandum was forwarded to the AUSA via Electronic Filing and to those already on file therein

John Ruginski, Esq.
/s/

______________________________